**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*610 Federal Plaza*
*Central Islip, New York 11722*

May 29, 2026

Honorable Nusrat J. Choudhury
United States District Court Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re: *Miguel Angel Andradez Materan v. Maldonado*, et al., 26-cv-3185 (NJC)

Dear Judge Choudhury:

This Office represents Respondents in the above-referenced action, in which Petitioner Miguel Angel Andradez Materan ("Petitioner") filed a Petition for a writ of habeas corpus on May 27, 2026, challenging his detention by Immigration and Customs Enforcement ("ICE). *See* Docket Entry ("DE") # 1. Respondents respectfully submit this letter in response to the Stay of Removal and Order to Show Cause entered on May 28, 2026 (DE #4) (the "Order"), requiring Respondents to provide certain information identified by the Court by May 29, 2026, at 9 a.m.[1] As directed by the Order, Respondents address the merits of the Petition below, while reserving all rights, including the right to appeal, in lieu of a formal responsive memorandum of law to conserve judicial and party resources, and to expedite the Court's consideration of this case.

As explained below, the Petition should be denied. Petitioner is properly being detained pursuant to 8 U.S.C. § 1226(a)[2], and the custody determination by Immigration and Customs Enforcement ("ICE") is not subject to district court review.

**<u>Background</u>**

With regard to the questions posed to Respondents in the Order, Respondents respond as follows:

Petitioner is a native of Venezuela and has been assigned A number 241-430-679. The undersigned has conferred with agency counsel for ICE who has stated that Petitioner is currently

[1] Respondents filed a request, on consent, for an extension of time to submit the response from 9:00 a.m to 5:00 p.m. The Court granted Respondents' request on May 29, 2026.

[2] Petitioner was arrested and detained on May 4, 2026, after the Second Circuit issued its decision in *Cunha v. Freden*, --- F.4th ----, 2026 WL 1146044 (2d Cir. Apr. 28, 2026). *Cunha* addressed issues related to 8 U.S.C. § 1225 and therefore does not have any bearing on this matter as Petitioner was not originally detained on May 4, 2026 under § 1225, but rather § 1226(a).

detained at the Metropolitan Detention Center in Brooklyn, New York ("MDC"). *See* Declaration of ICE Deportation Officer ("DO") Demitrios Costakis ("Costakis Decl."), submitted herewith, ¶ 21. At the time of his arrest on May 4, 2026, Petitioner was transported to the Nassau County Correctional Center at 100 Carman Avenue, East Meadow, New York for processing and detention. *Id.* ¶¶ 17; 19. Petitioner was subsequently transferred to Delaney Hall Detention Facility on May 7, 2026. *Id.* at ¶ 20. On May 14, 2026, Petitioner was transferred to the Brooklyn Metropolitan Detention Center where he currently remains detained. *Id.* ¶ 21. As of the filing of this letter, there is no indication that he will be detained at the Central Islip Holding Room other than as required to produce him for the hearing scheduled to be conducted on June 1, 2026. ICE has been made aware of the Court's order prohibiting transfer of Petitioner to a facility outside of this district, the Southern District of New York or the District of New Jersey[3] and has advised that Petitioner will not be transferred outside thereof prior to the Court's scheduled hearing on June 1, 2026. In the event Petitioner is transferred, this Office will promptly notify Petitioner's counsel. While detained at MDC, Petitioner's counsel may contact Deportation Officer ("DO") Imani Montgomery, Phone number: (212) 863-340, ext: 3483, Imani.J.Montgomery@ice.dhs.gov

Petitioner entered the United States without inspection on October 1, 2023, at or near El Paso, Texas. *See* Costakis Decl. ¶ 5. On the same date, United States Border Patrol placed Petitioner into removal proceedings by issuing a Notice to Appear, Form I-862. *See Id.* ¶ 7; Exh. A. Thereafter, Petitioner was released due to lack of approved detention bedspace and served with the Order of Release on Recognizance I-220A ("OREC"), which provided notice to Petitioner with conditions of his release, including a requirement that he "must not violate any local, State, or Federal laws or ordinances." *Id.* ¶ 8; Exh. B.

On May 4, 2026, Petitioner was arrested by the Nassau County Police Department ("NCPD") and charged pursuant to New York State Penal Law ("NYSPL") §155.30(1) Grand Larceny in the 4th degree, value of property greater than $1,000. *Id.* ¶ 14. NCPD issued a desk appearance ticket[4] directing Petitioner to appear on May 20, 2026 at the First District Court, County of Nassau, Arraignment Part, in Hempstead, New York. Costakis Decl. Exh. F. Thereafter, at approximately 4:17 p.m., NCPD notified ICE of Petitioner's arrest. *Id.* ¶ 15. ICE performed records checks, which verified he had no immigration status or permission to be in the United States and that he was in violation of the condition of the OREC. *Id.* ¶¶ 15-16. At approximately 5:30 p.m., ICE issued a Warrant of Arrest of Alien, Form I-200, pursuant to 8 U.S.C. § 1226(a) and detained Petitioner at approximately 6:20 p.m. *Id.* ¶ 16; Exh. G. At approximately 7:49 p.m.,

[3] Your Honor has also ordered that Petitioner not be removed from the United States pending the Court's further Order; ICE will comply with this Order as well but, even absent such Order, Respondents respectfully note that there is no administratively final order of removal for Petitioner.

[4] Pursuant to New York State Law, as part of bail reform legislation, it is "mandatory for police to issue a DAT for certain misdemeanors and infractions, as opposed to detaining a suspect prior to arraignment." *McQueen v. City of New York*, No. 20-CV-4879, 2023 WL 1995017, at *1 (E.D.N.Y. Feb. 14, 2023)(Cogan, J.), citing, New York State Criminal Procedure Law § 150.20(1)(a) ("Whenever a police officer is authorized ... to arrest a person without a warrant for an offense other than [certain felonies or violations] ... he shall, except as set out in paragraph (b) of this subdivision ... instead issue to and serve upon such person an appearance ticket.") (emphasis added). The issuance of a DAT is considered to be a non-custodial arrest. *See Panetta v. Crowley*, 460 F.3d 388, 392 (2d Cir. 2006).

a custody determination was made and a Notice of Custody Determination I-286 was served on the Petitioner. *Id.* ¶ 18; Exh. H. Petitioner marked on the I-286 that he requests an immigration judge review of the custody determination. *Id.*

Petitioner's criminal history also includes the following additional charged offenses. On January 27, 2024, Petitioner was arrested for NYPL §155.2,5 Petit Larceny, and NYPL §165.40 Criminal Possession of Stolen Property in the 5th Degree, and NYPL §240.20 Disorderly Conduct. On January 27, 2025, he pled guilty to Disorderly Conduct and he was sentenced to a conditional discharge. *Id.* ¶ 11; Exh. C. On January 24, 2025, Petitioner was arrested in Queens, New York, for NYPL §165.15(3), Theft of Services and NYPL 220.03 Criminal Possession of a Controlled Substance in the 7th Degree, case number CR-003348-25QN. The case was dismissed on March 19, 2025. *Id.* ¶ 12; Exh. D. On March 12, 2025, Petitioner was arrested in Queens, New York for NYPL 120.00(1) Assault in the Third Degree, and NYPL §240.26(1) Harassment in the Second Degree, case number CR-010010-25QN. On March 19, 2025, Petitioner pled guilty to a NYPL §240.20(1) Disturbance/Violent Behavior and was sentenced to a conditional discharge. *Id.* ¶ 13; Exh. E.

**<u>The Habeas Petition Should Be Denied</u>**

Petitioner is properly being detained pursuant to § 1226(a), and his remedy, if any, is administrative. Under § 1226(a), the Government may arrest and detain an alien during his removal proceedings or release him on bond or conditional parole. Section 1226(a) provides, in relevant part, that:

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) and pending such decision, the Attorney General
>
> (1) may continue to detain the arrested alien; and
>
> (2) may release the alien on—
>
> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
>
> (B) conditional parole;

8 U.S.C. § 1226(a). By regulation, immigration officers conduct custodial determinations and may release aliens if the alien meets his burden of showing that he "would not pose a danger to property or persons" and "is likely to appear for any future proceeding." 8 C.F.R. § 236.1(c)(8). *See Fontanelli, as Next Friend of Bernal Garcia v. Francis*, No. 25-cv-07715 (JLR), 2025 WL 2773234, at *4 (S.D.N.Y. Sept. 29, 2025) ("The Government's broad [post-arrest detention] discretion under § 1226(a) has a limitation: before the Government may exercise such discretion to detain a person, § 1226(a) and its implementing regulations require ICE officials to make an individualized custody determination, specifically whether the noncitizen is a danger to person or property or persons and is likely to appear for any future proceeding.") (citations and internal

quotation marks omitted); *Hamilton v. Shanahan*, No. 09-cv-6869 (SAS), 2009 WL 5173927, at *2 (recognizing that the alien bears the burden of proof). *See also Velasco Lopez v. Decker*, 978 F.3d 842, 849 (2d Cir. 2020) (referring to "post-arrest custody determination" under § 1226(a).)

Once ICE makes the individualized custody determination, 8 U.S.C. § 1226(e) jurisdictionally bars courts from reviewing that determination. Section 1226(e) provides that "[ICE]'s discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by [ICE] under this section regarding the detention of any [noncitizen] or the revocation or denial of bond or parole." 8 U.S.C. § 1226(e). Thus, "[a] district court has no authority to review ICE's discretionary determinations made under [Section 1226] or otherwise question their propriety." *Id.* (citing 8 U.S.C. § 1226(e)). *Fontanelli*, 2025 WL 2773234, at *4.

After ICE makes the custody determination, an alien can request a custody redetermination (*i.e.*, a bond hearing) by an immigration judge ("IJ") at any time before a final order of removal is issued. *See* 8 C.F.R. § 236.1(d)(1). Under 8 C.F.R. § 1003.19(h)(3), an alien may seek a redetermination of custody conditions set by ICE before an immigration judge must "first demonstrate, by clear and convincing evidence, that release would not pose a danger to other persons or to property. If an alien meets this burden, the alien must further demonstrate, by clear and convincing evidence, that the alien is likely to appear for any scheduled proceeding or interview." *See Hylton v. Shanahan*, 2015 WL 3604328 (S.D.N.Y. June 9, 2015) (declining to shift burden of proof onto government in a bond hearing in immigration court where respondent was detained under § 1226(a)).

If dissatisfied with the IJ decision, the alien can seek review by the Board of Immigration Appeals ("BIA"). *See* 8 C.F.R. §§ 236.1(d)(3), 1003.19(F), 1003.38, 1236.1(d)(3). *See also Monterosa v. Decker*, No. 20-cv-02653, 2020 WL 1847771, at *3 (S.D.N.Y. Apr. 11, 2020) ("After ICE makes and initial detention decision, any person who is detained has the right to request a bond hearing before an Immigration Judge.").

No judicial review is available. *See Arevalo-Guasco v. Dubois*, 788 Fed Appx. 25, 27 (2d Cir. 2019) (concluding that § 1226(e) precludes judicial review of the IJ's weighing of evidence and factual findings regarding whether [Petitioner-Appellant] is a danger to the community"); *Hamilton v. Shanahan*, No. 09-cv-6869 (SAS), 2009 WL 5173927, at *3 ("Section 1226(e) specifically divests [district courts] of jurisdiction to review the decisions of the IJ and the BIA (acting on behalf of the Attorney General) regarding the detention of aliens under Section 1226.")

Here, ICE has made an individualized custody determination. Costakis Decl. ¶ 18; Exh. H. Petitioner has requested review of that custody determination by an IJ. *Id.* Therefore, a review of the custody determination is in the hands of the IJ and Petitioner has not yet exhausted administrative remedies. Numerous courts in this Circuit have held that to the extent that habeas petitioners want to challenge the initial custody determination, ordinarily they must exhaust administrative remedies before seeking federal court intervention. *See, e.g.*, *Almonte Rojas v. Genalo*, No. 25-cv-6543, 2026 WL 275991, at *1 (E.D.N.Y. Feb. 3, 2026) (Komitee, J.) (citing *Castillo Lachapel v. Joyce*, 786 F. Supp. 3d 860, 864 (S.D.N.Y. 2025)); *accord Fontanelli*, 2025 2773224, at *5-*8. *See also Capunay Guzman v. Joyce,* 786 F.Supp.3d 865, 869 (S.D.N.Y. 2025); *J.C.G. v. Genalo*, No. 24-cv-8755 (JLR), 2025 WL 88831, at *4 (S.D.N.Y. Jan. 14, 2025); *Roman*

*v. Decker*, No. 20-cv-3752 (JGK), 2020 WL 4273823, at * 7 (S.D.N.Y. July 24, 2020); *Michalski v. Decker*, 279 F. Supp. 3d 487, 496 (S.D.N.Y. 2018); *Paz Nativi v. Shanahan*, No. 16-cv-8496, 2017 WL 281751, at *1 (S.D.N.Y. Jan. 23, 2017) ("before immigration detention may be challenged in federal court . . . exhaustion is generally required as a prudential matter" (collecting cases)). The exhaustion requirement "aims to provide the agency with a chance to correct its own errors, 'protect[ ] the authority of administrative agencies,' and otherwise conserve judicial resources by 'limiting interference in agency affairs, developing the factual record to make judicial review more efficient, and resolving issues to render judicial review unnecessary.'" *Id.* (*quoting Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003) (Sotomayor, J.)).

As Petitioner has received a custody determination pursuant to § 1226(a), he is required to exhaust his administrative remedies prior to seeking district court intervention and, therefore, the Petition should be denied and this action dismissed. *See, e.g.*, *Portillo Melara v. Tellez*, No. 26-cv-1453, 2026 WL 1146054 (E.D.N.Y. Apr. 28, 2026) (Donnelly, J.); *Almonte Rojas*, 2026 WL 275991, at *1. As the court in *Castillo Lachapel* explained, "[i]f the immigration judge releases [petitioner] on bond, his [habeas petition would be moot . . . . And even if the immigration judge denies bond, [the] petition could be mooted if the Board of Immigration Appeals reverses that determination." 786 F. Supp. 3d at 864 (internal quotation marks and citation omitted).

Nor do any of the recognized exceptions to exhaustion apply here. A district court may in its discretion excuse exhaustion when "(1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate judicial relief; (3) administrative appeal would be futile and (4) in certain instances a plaintiff has raised a substantial constitutional question." *See Beharry*, 329 F.2d at 62. Numerous courts in this Circuit have also found that none of these exceptions apply where, as here, an immigration judge or the BIA could release a habeas petitioner detained under 8 U.S.C. § 1226(a) on bond. *See, e.g.*, *Castillo Lachapel*, 2025 WL 1685576 at *3; *Capunay Guzman*, 2025 WL 1696891 at *2-*3; *Monterosa*, 2020 WL 1847771 at *6-*7; *Roman*, 2020 WL 4273823, at *7; *Michalski*, 279 F. Supp. 3d at 496.

With respect to the first exception, as explained above, Petitioner has available administrative remedies—a bond hearing with an immigration judge *and* appeal of the immigration judge's decision, if adverse, to the BIA. *See Castilla Lachapel*, 2025 WL 1685576, at *3 (describing the two levels of administrative review available to petitioner). "Because [Petitioner]'s [potential] bond hearing may provide him with the relief that he seeks—i.e., his release—this Court concludes in the exercise of its discretion that [Petitioner] must exhaust these avenues before seeking judicial relief." *Id.* (internal quotations and citations omitted). *See Michalski*, 279 F. Supp. 3d at 496 (finding that a scheduled bond hearing "scuttles" petitioner's habeas petition because the immigration judge could release him on bond making his habeas petition moot); *Paz Nativi*, 2017 WL 281751, at *2 ("The pendency of a BIA appeal that could potentially moot [petitioner's] habeas petition counsels for the Court to stay its hand until the exhaustion of administrative review in the name of preserving scarce judicial resources and avoiding the possibility of duplicative or conflicting rulings.").

The second exception is also inapplicable. Petitioner cannot show irreparable harm at this time. Now that he has received an individualized custody determination and availed himself of available administrative remedies, jurisdiction lies with the immigration court. *See Capunay Guzman*, 2025 WL 1696891, at *1, *3 (where petitioner had been detained for nineteen days "'[t]he

risk of prolonged detention'—as opposed to actual prolonged detention—'does not constitute an irreparable injury that excuses the prudential exhaustion requirement'") (quoting *Roman*, 2020 WL 4273823, at *8).

Similarly, as to the third exception, Petitioner has not shown that a bond hearing would be futile. *See Michalski*, 279 F. Supp. 3d at 496; *Capunay Guzman*, 2025 WL 1696891, at *2 (petitioner's "arguments concerning the futility of any bond motion are similarly premature, as he has not yet made a motion for bond"). *See also Cabral v. Decker*, 331 F. Supp. 3d 255, 263 n. 6 (S.D.N.Y. 2018) ("[T]he question of whether the petitioner's yet-to-happen bond hearing complies with due process is not before this Court.").

With respect to the fourth exception, "[m]ere existence of a constitutional issue . . . does not create an automatic exception to an exhaustion requirement." *Monterosa,* 2020 WL 1847771, at *5. "Thus, when applying this exception, 'courts will endeavor to avoid deciding a constitutional issue if the case might be resolved on a narrower factual basis.'" *Capunay Guzman*, 2025 WL 1696891, at *3 (quoting *Monterosa*, 2020 WL 1847771, at *5). As the court in *Capunary Guzman* noted, only a few courts in this Circuit have excused exhaustion under the fourth exception in cases where the petitioner had been detained and denied bond at the bond hearing, or was not yet detained and sought to prevent re-detention. *See id.* (collecting cases).

Accordingly, Respondents respectfully request that the Petition be denied. Respondents thank the Court for consideration of this submission.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By: /s/ Megan Freismuth
Megan Freismuth
Assistant U.S. Attorney

Cc: Counsel of record by ECF