UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x

MIGUEL ANGEL ANDRADEZ MATERAN,

Petitioner,

v.

Raul MALDONADO JR., *Warden, Metropolitan Detention Center*; Judith ALMODOVAR, *New York Field Office Director for U.S. Immigration and Customs Enforcement*; Todd BLANCHE, *Attorney General of the United States*; Markwayne MULLIN, *Secretary of Homeland Security*; and Todd M. LYONS, *Acting Director, U.S. Immigration and Customs Enforcement*

Respondents.

Civil Action No.
26-cv-3185 (Choudhury, J.)

------------------------------------------------------------------ x

**RESPONDENTS' SUPPLEMENTAL MEMORANDUM OF LAW IN RESPONSE TO THE ORDER TO SHOW CAUSE WHY A WRIT OF HABEAS SHOULD NOT ISSUE**

JOSEPH NOCELLA, JR.
United States Attorney
Eastern District of New York
610 Federal Plaza
Central Islip, New York 11722

June 22, 2026

Megan J. Freismuth
Assistant U.S. Attorney
(Of Counsel)

# TABLE OF CONTENTS


TABLE OF AUTHORITIES .................... ii

PRELIMINARY STATEMENT .................... 1

ARGUMENT .................... 2

I. This Court is Jurisdictionally Barred From Reviewing the Custody Determination .... 2

II. The Order of Release on Recognizance Was Properly Revoked .................... 4

A. Petitioner's Arrest Constitutes a Violation of an Order of Release on Recognizance .................... 4

B. A Pre-Deprivation Hearing Was Not Required Before Revocation of the Order of Release on Recognizance .................... 6

CONCLUSION .................... 9

# TABLE OF AUTHORITIES

## Federal Cases

*Arvelo-Guasco v. Dubois*,
788 Fed. Appx. 25 (2d Cir. 2019) .......... 3
*Aslan v. Wamsley*,
No. 25-cv-2698, 2026 WL 238675 (W.D. Wash. Jan. 29, 2026) .......... 7
*Avendano-Espejo v. DHS*,
448 F.3d 503 (2d Cir. 2006) .......... 3
*Bogle v. Dubois*,
No. 16-cv-6178, 2017 WL 747876 (S.D.N.Y. Feb. 16, 2017) .......... 3
*E.A. T.-B. v. Wamsley*,
795 F. Supp. 3d 1316 (W.D. Wash. 2025) .......... 7
*Fontanelli as Next Friend of Bernal Garcia v. Francis*,
No. 25-CV-07715 (JLR), 2025 WL 2773234 (S.D.N.Y. Sept. 29, 2025) .......... 2
*Guyadin v. Gonzales*,
449 F.3d 465 (2d Cir. 2006) .......... 4
*Jennings v. Rodriguez*,
583 U.S. 281 (2018) .......... 3
*Lopez Benitez v. Francis*,
795 F. Supp. 3d 475, 494–95 (S.D.N.Y. 2025) .......... 4
*Medina v. Dep't Homeland Sec.*,
No. 13-CV-2989, 2014 WL 897804 (W.D. La. Mar. 6, 2014) .......... 3
*Montero Cordova v. Noem*,
No. 26-cv-0526, 2026 WL 867689 (D. New Mex. Mar. 30, 2026) .......... 8
*Ofosu v. McElroy*,
98 F.3d 694 (2d Cir. 1996) .......... 6
*Palma v. Arteta*,
No. 25-cv-9340, 2026 WL 697015 (S.D.N.Y. Mar. 12, 2026) .......... 6
*Pineda v. Chestnut*,
No. 25-CV-01970, 2026 WL 25510 (E.D. Cal. Jan. 5, 2026) .......... 7
*Rodriguez Diaz v. Kaiser*,
No. 25-cv-5071, 2025 WL 3011852 (N.D. Cal. Sept. 16, 2025) .......... 7, 8
*Saloum v. USCIS*,
437 F.3d 238 (2d Cir. 2006) .......... 3
*Sierra v. INS,*
258 F.3d 1213 (10th Cir. 2001) .......... 6
*Tesara v. Wamsley*,
No. 25-cv-1723, 2025 WL 3288295 (W.D. Wash. Nov. 25, 2025) .......... 8
*Valdez v. Joyce*,
803 F. Supp. 3d 213 (S.D.N.Y. 2025) .......... 8
*Villiers v. Decker*,
31 F.4th 825 (2d Cir. 2022) .......... 5
*Wong Hing Fun v. Esperdy*,
335 F.2d 656 (2d Cir. 1964) .......... 7

### Statutes

8 U.S.C. 1226(b) .......... 4
8 U.S.C. § 1226(e) .......... 2, 3

### Regulations

8 C.F.R. § 236 .......... 4
8 C.F.R. § 236.1(c)(9) .......... 4, 6
8 C.F.R. § 1003.19 .......... 7
8 C.F.R. § 1236.1 .......... 7

## PRELIMINARY STATEMENT

Respondents, by their attorney, Joseph Nocella, Jr., United States Attorney for the Eastern District of New York, respectfully submit this supplemental memorandum of law in opposition to the Petition for Writ of Habeas Corpus, Dkt. No. 1 ("the Petition" or "Pet."), filed by petitioner Miguel Angel Andradez Materan ("Petitioner"), and in response to the Court's permission following the hearing on June 6, 2026, to provide additional legal argument on Petitioner's due process claim. *See also* Respondents' initial responses to the Order to Show Cause, Dkt. Nos. 10, 11. In his Petition, Petitioner alleged that Respondents unlawfully detained him after a traffic stop (which Petitioner agreed was an incorrect factual assertion) and failed to conduct a custody determination as to whether Petitioner was a flight risk or danger to the community. *See* Petition ¶¶ 73, 82.

During the June 6 hearing, however, the Court raised *sua sponte* and for the first time certain questions with respect to ICE's process and decision to revoke Petitioner's Order of Release on Recognizance ("OREC"), and heard almost a full day of testimony on this issue, as well as other subject matters related to Petitioner's arrest and continued detention. Respondents had not briefed questions regarding ICE's process of revoking Petitioner's OREC prior to the hearing because Petitioner had not raised them.[1]

Respondents hereby provide the following supplemental arguments in response to issues raised during the June 6 hearing, specifically, i) whether Petitioner's arrest constitutes a violation of the OREC; ii) whether a pre-revocation hearing was required before revocation of Petitioner's OREC; and iii) the sufficiency of ICE's custody determination.

---

[1] The only issue with respect to the OREC raised by Petitioner was whether the Assistant Field Office Director had authority to revoke the OREC. *See* Dkt. No. 12. That question was addressed at the June 1, 2026 hearing and adequately explained through testimony at the June 6 evidentiary hearing and will not be discussed herein.

## ARGUMENT

### I. This Court is Jurisdictionally Barred From Reviewing the Custody Determination

During the June 6 hearing, the Court conditionally granted the Petition and released Petitioner on bond on the grounds that i) the OREC revocation was improper because the officer based his decision on Petitioner's arrest for grand larceny and did not "by his testimony indicate that he considered any other criminal charges or convictions." (Tr. 184:23-185:5); and ii) the decision that Petitioner poses a danger to the public "was driven, again, by the arrest and not by the full record based on factual disputes and inconsistent testimony . . . ."[2] (Tr. 185:6-14). Notably Petitioner also did not dispute at the hearing that he had three prior criminal arrests and two criminal dispositions, and over the course of several hours, was unable to establish that he was not a danger to the community.

But the Court is jurisdictionally barred from reviewing ICE's revocation of Petitioner's OREC or custody determination pursuant to 8 U.S.C. § 1226(e). Section 1226(e) provides that "[ICE]'s discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by [ICE] under this section regarding the detention of any [noncitizen] or the revocation or denial of bond or parole." 8 U.S.C. § 1226(e). Thus, "[a] district court has no authority to review ICE's discretionary determinations made under [Section 1226] or otherwise question their propriety." *Fontanelli as Next Friend of*

---

[2] Respondents respectfully disagree that ICE's custody determination was based solely on the current arrest, or that the officer gave inconsistent testimony. The officer testified his decision to detain was "based on the totality of the circumstances. I found that the individual based on records checks had violated his order of release, and he had prior contacts with law enforcement". Tr. 14:11-14. He also testified that ICE "also take[s] into consideration community ties, if the subject is a sole care provider of an underage child, if the subject has any health issues that may impede detention or cause irreparable harm if he is detained." Tr. 31:2-10. He further testified that he did in fact ask Petitioner that "series of questions", and found pertinent "the fact that he had prior been arrested for assault . . . also, he was at this point being arrested for larceny" and "he had about three or four other encounters." Tr. 35:3-14; 36:9-12.

*Bernal Garcia v. Francis*, No. 25-CV-07715 (JLR), 2025 WL 2773234, at *4 (S.D.N.Y. Sept. 29, 2025); *see also Simakan v. Eng.*, No. 26-cv-400, 2026 WL 1251626, at *2 (N.D. Ind. May 6, 2026) (petitioner "is asking the court to review the discretionary decision of the Attorney General denying him bond based on the finding that he poses a danger to the community. This is the type of 'operational decision' the court is barred from reviewing under 8 U.S.C. § 1226(e)"); *Medina v. Dep't Homeland Sec.*, No. 13-CV-2989, 2014 WL 897804, at *2 (W.D. La. Mar. 6, 2014) ("this Court has no jurisdiction to review the Attorney General's discretionary judgment regarding his application of the release and bond provisions of § 1226(a) as to Petitioner"). However, challenges to the "statutory framework" governing detention are permissible, as they do not constitute "a discretionary judgment by the Attorney General or a decision that the Attorney General has made regarding his detention or release." *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018) (internal quotation marks omitted).

While the Court may review "[c]laims of constitutional infirmity in the procedures followed at a bond hearing," it may not review what amounts to an evidentiary challenge to ICE's discretionary revocation of the OREC and custody determination. *See Bogle*, 2017 WL 747876, at *2 (citations omitted). *c.f. Arvelo-Guasco v. Dubois*, 788 Fed. Appx. 25, 27 (2d Cir. 2019) ("§ 1226(e) precludes judicial review of the immigration judge's weighing of evidence and factual findings regarding whether Arevalo-Guasco is a danger to the community"); *Saloum v. USCIS*, 437 F.3d 238, 243 (2d Cir. 2006) (the "talismanic invocation of the language 'due process'" does not "itself suffice[] to provide this Court with jurisdiction" to review a challenge to the denial of discretionary relief); *Avendano-Espejo v. DHS*, 448 F.3d 503, 506 (2d Cir. 2006) (claim that immigration judge employed an "erroneous legal standard" in adjudicating discretionary relief application, thereby purportedly "depriving petitioner of his

due process right to a full and fair hearing," amounts to "nothing more than a challenge to the IJ's exercise of discretion"); *Guyadin v. Gonzales*, 449 F.3d 465, 468 (2d Cir. 2006) ("[A]n assertion that an IJ or the BIA misread, misunderstood, or misapplied the law in weighing factors relevant to the grant or denial of discretionary relief does not convert what is essentially an argument that the IJ and BIA abused their discretion into a legal question. Such legal alchemy would defeat the intent and the language of the INA.").

Accordingly, the Court was jurisdictionally barred from finding, after almost a full day of testimony on ICE's conduct and process with respect to revocation of Petitioner's OREC and the custody determination, that ICE's discretionary decisions were flawed. *See Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 494–95 (S.D.N.Y. 2025) ("DHS has wide latitude with respect to its discretion [to detain] that is not subject to second-guessing by this Court.).

## II. The Order of Release on Recognizance Was Properly Revoked

### A. Petitioner's Arrest Constitutes a Violation of an Order of Release on Recognizance

During the June 6 hearing, the Court inquired both through its own questioning of government witnesses as well as during oral argument whether Petitioner's arrest was sufficient grounds for revocation of an OREC. Respondents respectfully submit that Petitioner's OREC was lawfully revoked. ORECs are generally governed by 8 C.F.R. § 236. With respect to revocation or cancellation, 8 U.S.C. 1226(b) states "The Attorney General *at any time* may revoke a bond or parole authorized under subsection (a), rearrest the alien under the original warrant, and detain the alien." (emphasis added). Further 8 C.F.R. § 236.1(c)(9) states:

> When an alien who, having been arrested and taken into custody, has been released, such release may be revoked *at any time* in the discretion of the district director, acting district director, deputy district director, assistant district director for investigations, assistant district director for detention and deportation, or officer in charge (except foreign), in which event the alien may be taken into

> physical custody and detained. If detained, unless a breach has occurred, any outstanding bond shall be revoked and canceled. (emphasis added)

Petitioner's arrest is a violation of Petitioner's OREC. *See* DE 11-1 ("You must not violate any local, State, of Federal laws or ordinances."). In *Villiers v. Decker*, 31 F.4th 825, 827 (2d Cir. 2022), the government argued that the "district court erred in ruling that a release condition prohibiting commission of a crime is not violated unless there has been a criminal conviction." *Id.* at 830-31. The government took the position that the court's conditions of release do not require that petitioner be convicted of a crime before a violation occurs. *Id.* at 830 (citing the definitions of "convict" and "commit" in Black's Law Dictionary). The Second Circuit agreed with the government and held that a condition of release on bail that a habeas petitioner "shall not commit[3] a federal, state, or local crime" applied to petitioner's arrest by NYPD in connection with a domestic violence incident, and that the district court had "erred in ruling that release condition prohibiting commission of a crime is not violated unless there has been a criminal conviction." *Id.* at 827. The Second Circuit explained that

> In considering the revocation motion, the district court was of course correct in stating that the mere fact that Villiers was arrested did not prove that he had committed the crimes charged. Yet, given that the existence of probable cause to believe he committed crimes was a constitutional prerequisite for his arrests, the arrest records provide an indication that the government's charge that Villiers violated the do-not-commit-a-crime condition--whether or not eventually proven to the district court's satisfaction--was not baseless. Villiers is entitled, if he requests, to an evidentiary hearing and an opportunity to be heard on the charge that his acts violated the [] condition.

*Id.* at 837.

---

[3] Black's Law Dictionary defines "commission" as "the act of doing or perpetrating (as a crime)". Black's Law Dictionary (12th ed. 2024). Black's Law Dictionary defines "violation" as "the act of breaking or dishonoring the law." *Id.* Respondents do not find a material difference between the meanings of "commit" and "violate" for purposes of their argument.

Here, ICE was in possession of information regarding Nassau County Police Department's criminal arrest of Petitioner for grand larceny, and Petitioner does not dispute that he was arrested. According to the Second Circuit's holding in *Villiers*, Petitioner's arrest constituted a violation of the OREC. Petitioner has not identified, through written submissions or during the June 6 hearing, any authority that an arrest alone is not a violation of an OREC. Further, Petitioner's OREC could be canceled, as a discretionary matter, "at any time," and was lawfully cancelled here. 8 C.F.R. § 236.1(c)(9).

**B. A Pre-Deprivation Hearing Was Not Required Before Revocation of the Order of Release on Recognizance**

During the June 6 hearing, the Court also inquired both through its own questioning of government witnesses as well as during oral argument whether a pre-revocation hearing was required before revocation of Petitioner's OREC. 8 C.F.R. §236.1(c)(9) provides that an OREC may be "revoked at any time in the discretion of . . . ." Nothing in the regulation requires a pre-revocation (*i.e.*, pre-arrest) hearing. In the present case, all the applicable regulatory process was followed, and that is all the process to which the Petitioner is entitled. *See, e.g., Sierra v. INS,* 258 F.3d 1213, 1218- 1220 (10th Cir. 2001) ("[w]hatever the procedure authorized by Congress is, it is due process as far as an alien denied entry is concerned," and procedural due process was satisfied where "[n]either the statutes nor the governing regulations require[d] a hearing on parole withdrawal").

Courts in the Second Circuit have found that discretionary forms of relief, like an OREC, do not require a hearing before revocation. "Just as an alien may be arrested at the border without a bond hearing, so too may the Government revoke an alien's parole without a bond hearing." *Palma v. Arteta*, No. 25-cv-9340, 2026 WL 697015, at *7 (S.D.N.Y. Mar. 12, 2026). *See also Ofosu v. McElroy*, 98 F.3d 694, 700 (2d Cir. 1996) ("[An alien's] parole is a matter of the Attorney

General's discretion (and of the opinion of those she appoints) and may be ended without hearings or special forms."); *Wong Hing Fun v. Esperdy*, 335 F.2d 656, 657 (2d Cir. 1964) ("There is no basis for appellants' contention that due process requires a hearing on revocation of parole.").

The Court cited two cases during the June 6 hearing—*Aslan v. Wamsley*, 2026 WL 238675 (W.D. Wash. Jan. 29, 2026) and *Rodriguez Diaz v. Kaiser*, 2025 WL 3011852 (N.D. Cal. Sept. 16, 2025)—that "found that a pre-deprivation notice and opportunity to be heard is required" "prior to revocation of an Order of Release on Recognizance." Tr. 172:8-25. The courts in *Aslan* and *Rodriguez Diaz* based their decisions on specific facts in those cases that are not at issue here. In *Aslan*, ICE revoked petitioner's OREC on the grounds that he had missed an immigration proceeding. 2026 WL 238675, at *1. Petitioner contended that he had never received notice of that proceeding. *Id.* There, the court found that that an "an evidentiary gap" required a "neutral pre-deprivation hearing" "to test the Government's factual assertions before liberty is revoked." *Id.* at *3. Here, there is no factual dispute that the Petitioner was arrested for grand larceny. It bears noting, however, that revocations of ORECs are not reviewable by an immigration judge or a district court under § 1226(e), discussed below further. *See also* 8 C.F.R. § 1003.19 and 8 C.F.R. § 1236.1.

Further, the *Aslan* court appears to conflate the revocation of an OREC with the custody determination required by § 1226(a). The collected cases cited do not stand for the proposition that ORECS can only be revoked after a hearing, but rather that § 1226(a) and due process require that ICE conduct an individual assessment as to a petitioner's flight risk or danger to the community. *See, e.g., E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1323 (W.D. Wash. 2025); *Pineda v. Chestnut*, No. 25-CV-01970, 2026 WL 25510, at *5 (E.D. Cal. Jan. 5, 2026) ("Petitioner has been detained for over a month without being provided a bond hearing to evaluate her dangerousness

and/or flight risk."); *Tesara v. Wamsley*, No. 25-1723, 2025 WL 3288295, at *6 (W.D. Wash. Nov. 25, 2025), citing *Valdez v. Joyce*, 803 F. Supp. 3d 213, 218 (S.D.N.Y. 2025) ("Respondents made the flight risk determination and then re-detained Petitioner with no notice, explanation, or opportunity for Petitioner to be heard.").

Here, Respondents do not challenge Petitioner's right to a bond hearing before an immigration judge where he can challenge ICE's determination to re-detain him because he poses a danger to the community. As the court in *Montero Cordova v. Noem*, No. 26-cv-0526, 2026 WL 867689, at *1 (D. New Mex. Mar. 30, 2026) explained, "Because Petitioner construes 'deprivation' as the arrest and re-detention, not the final decision by an immigration judge denying bond or release, the Court disagrees with Petitioner's characterization of a pre-deprivation hearing." "[T]he bond hearing required under § 1226(a) requires an immigration judge to make an evaluation of the relevant facts as to whether a petitioner is a flight risk or a danger to the community . . . These hearings precede the final deprivation by the parole or immigration official." *Id.*, at *8.

In *Rodriguez Diaz*, the petitioner had been released on bond by an immigration judge and sought an order that ICE cannot re-detain him without a "pre-deprivation" hearing. Rodriguez Diaz, 2025 WL 3011852, at *2, *4. The court determined that petitioner was entitled to a "pre-deprivation" hearing because "a recent change in legal interpretation by DHS could leave him with no post-deprivation procedures whatsoever" and "no pathway to challenge his re-detention or his custody, if detained." *Id.* at *11. These concerns do not exist here. Petitioner was given the opportunity to challenge his custody determination at a bond hearing before an immigration judge. Although a bond hearing had been scheduled, it was mooted out after the June 6 hearing where the Court released Petitioner on bond.

## **CONCLUSION**

For the reasons stated herein and in Respondents' initial responses and during the June 6 hearing, the Petition should be denied.

Dated: June 22, 2026
Central Islip, New York

JOSEPH NOCELLA, JR.
United States Attorney

By: /s/ Megan J. Freismuth
Megan J. Freismuth
Assistant United States Attorney
631-715-7905
Megan.freismuth@usdoj.gov