**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Miguel Angel Andradez Materan,<br><br>Petitioner,<br><br>-v-<br><br>Raul Maldonado, Jr., Judith Almodovar, Todd Blanche, Todd M. Lyons, Markwayne Mullin,<br><br>Respondents. | 2:26-cv-03185<br>(NJC) |

# ORDER

NUSRAT J. CHOUDHURY, United States District Judge:

This action concerns a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 to challenge detention by U.S. Immigration and Customs Enforcement ("ICE"). On October 25, 2026, this Court issued an Opinion and Order ruling on the merits of the Petition and finding procedural due process violations. (ECF No. 23.) On November 16, 2026, Respondents filed a letter providing newly disclosed information to the Court: that Petitioner Miguel Angel Andradez Materan had been arrested by Nassau County police on October 7, 2026, three weeks before the Court's resolution of the merits of his claims. (ECF No. 25.) Because Respondents' letter did not address the purpose for providing this information to the Court, the Court ordered Respondents to identify any relief requested. (Elec. Order, Nov. 17, 2026.)

On November 18, 2026, Respondents filed a letter requesting clarification as to whether ICE is permitted to re-detain Petitioner for reasons related to the October 7, 2026 arrest without seeking a hearing before this Court. (ECF No. 26.) Respondents' request for clarification appears

to confuse this Court's June 5, 2026 Order releasing Mr. Andradez Materan on bond pending the resolution of the Petition with this Court's October 25, 2026 Opinion and Order resolving the merits of Petitioner's due process claims.

Federal courts have the inherent power to release an immigration habeas petitioner on bail pending the resolution of a petition for a writ of habeas corpus. *Mapp v. Reno*, 241 F.3d 221, 226, 229 (2d Cir. 2001). When this Court applied the *Mapp* factors and ordered Mr. Andradez Materan's release on bond subject to conditions, including but not limited to electronic monitoring, this Court addressed the procedure for notifying the Court of any suspected violation of a release condition:

> [COUNSEL FOR RESPONDENTS:] If Petitioner commits another crime or otherwise violates the conditions of the bond, is ICE permitted to re-detain Petitioner or if those circumstance [sic] change?
>
> THE COURT: No. You'll need to notify me of any accusation to that effect and then we will have a hearing. Okay? Just as we would in a criminal matter.

(ECF No. 21, at 214:8–14.) Thus, while the bond order was in effect, Respondents were required to notify the Court of any suspected violations such that the Court could hold a violation proceeding, hear from the parties, and determine whether to revoke bond.[1]

In ruling on the merits of the Petition on October 25, 2026, this Court determined that Respondents violated Mr. Andradez Materan's procedural due process rights, granted the Petition in part, dismissed remaining claims as moot, released Mr. Andradez Materan from any bond conditions, and set a deadline for any application for attorney's fees under the Equal Access to Justice Act. (ECF No. 23.) The bond order thus ceased to be in effect with the issuance

[1] As is clear, while the bond order was in effect, Respondents failed to notify the Court that Mr. Andradez Materan was arrested on new state charges on October 7, 2026, such that this Court could hold a hearing or otherwise determine whether there was a bond violation.

of the October 25, 2026 Opinion and Order. *See Mapp* 241 F.3d at 231 ("[F]ederal courts have . . . inherent authority to admit to bail habeas petitioners who challenge INS detention *pending disposition of the merits of their petitions* . . . ." (emphasis added)).

This Court's October 25, 2026 Opinion and Order did not grant any injunctive relief that would bar ICE's detention of Mr. Andradez Materan on the basis of changed factual circumstances. When this Court has granted limited injunctive relief as a remedy for a successful habeas claim, it has done so explicitly and provided legal authority for such relief. *See, e.g.*, *Rodriguez-Acurio v. Almodovar*, 811 F. Supp. 3d 274, 321 (E.D.N.Y. 2025) ("Respondents are also enjoined from denying [petitioner] bond in any subsequent proceeding on the basis that she must be detained pursuant to 8 U.S.C. § 1225(b), absent a change in relevant circumstances consistent with this Opinion and Order."); *Hernández Lazo v. Noem*, 818 F. Supp. 3d 328, 349 (E.D.N.Y. 2026) (same); *Zapata v. Genalo*, 825 F. Supp. 3d 114, 123 (E.D.N.Y. 2026) (same). The Opinion and Order resolving the Petition does not include any such injunctive relief.[2]

Dated: Central Islip, New York
November 23, 2026

*/s/ Nusrat J. Choudhury*
NUSRAT J. CHOUDHURY
United States District Judge

[2] Although the Court did not prohibit re-arrest, it expects Respondents to follow the law in any arrest of Petitioner, that is, to not engage in the same violations that led the Court to grant the Petition in the first instance.